IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| THI of South Carolina at Rock Hill, LLC<br>D/B/A Magnolia Manor-Rock Hill and<br>THI of South Carolina, LLC,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Samuel White, Sr., as Personal Representative<br>of the Estate of Geneva Taylor,<br><br>        Defendant. | C/A No. 0:12-01037-MBS<br><br>**ORDER AND OPINION** |

On April 17, 2012, THI of South Carolina at Rock Hill, LLC, doing business as Magnolia Manor-Rock Hill; and THI of South Carolina, LLC ( collectively "THI") filed a complaint to compel arbitration and stay state court proceedings against Samuel White, Sr., as personal representative of the estate of Geneva Taylor ("White") under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"). ECF No. 1. THI alleges that diversity jurisdiction under 28 U.S.C. § 1332(a)(1) gives the court authority to compel arbitration of the dispute. *Id.*

On April 24, 2012, THI filed motions to compel arbitration and stay state court proceedings. ECF No. 5. On July 5, 2012, White filed an answer to THI's complaint. ECF No. 9. On August 31, 2012, White filed a motion to join a party pursuant to Rule 19 of the FEDERAL RULES OF CIVIL PROCEDURE that, if granted, would divest the court of subject matter jurisdiction. ECF No. 23. On September 11, 2012, White filed a motion to stay response time to THI's motions to compel arbitration and stay state court proceedings pending the court's ruling on its motion to join a party. ECF No. 24. White's motion to join a party is before the court.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff THI of South Carolina at Rock Hill is a single-member Delaware limited liability company that has as its sole member Plaintiff THI of South Carolina, LLC. ECF No. 1 at 1. Plaintiff THI of South Carolina, LLC has a single member, THI of Baltimore, Inc., a Delaware corporation with its principal place of business in Maryland. *Id.* Defendant White is a citizen of South Carolina, and Ms. Taylor was a citizen of South Carolina at the time of her death. *Id.*

Around February 26, 2010, Ms. Taylor's family admitted her to Magnolia-Manor, a nursing home in Rock Hill, South Carolina. ECF No. 23. When Ms. Taylor was admitted to Magnolia-Manor, she executed an arbitration agreement though White, who served as her attorney-in-fact by virtue of a general durable power-of-attorney. ECF No. 1 at 2. Ms. Taylor died around March 19, 2011. ECF No. 26 at 2. On March 5, 2012, White, as personal representative of Ms. Taylor's estate, brought actions in the Court of Common Pleas for the County of York, South Carolina, alleging that negligence arising out of an incident at Magnolia-Manor caused Ms. Taylor's death. ECF No. 1-4 & 1-5. The named defendants in those lawsuits included not only THI but also Thomas Henschel, the administrator at Magnolia-Manor during the relevant time period. *Id.*

In its complaint to compel arbitration filed in this court, THI alleges that the arbitration agreement covers the matters at issue in both state court lawsuits. THI contends that White has refused to comply with his obligations under the arbitration agreement. ECF No. 5-1 at 4. According to THI, it is entitled to an order compelling White to submit his dispute with THI to arbitration. *Id.* THI did not name Mr. Henschel, a resident of South Carolina, as a party in the

2

instant action to compel arbitration. White moves pursuant to Rule 19 of the FED. R. CIV. P. to join Mr. Henschel as a necessary party to this action. ECF No. 23 at 1.

## I. DISCUSSION

At the outset, the court recognizes that under the FAA, there must be an independent basis for jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n.32 (1983) (stating "[t]he Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise."). In this case, THI asserts that federal jurisdiction exists because there is diversity of citizenship. *See* 28 U.S.C. § 1332. White argues that Mr. Henschel is a necessary and indispensable party under Rule 19. If White is correct, the parties agree that the court would lack jurisdiction because complete diversity between the parties would be missing.

Rule 19(a)(1) provides:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"If a party is necessary, it will be ordered into the action. When a party cannot be joined because its joinder destroys diversity, the court [then] must determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Id.* (footnote and citation omitted). Rule 19(b) provides:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

To decide whether to dismiss an action for failure to join a party under Rule 19, the court must proceed in two steps. *See Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). First, a court must ask " 'whether a party is necessary to a proceeding because of its relationship to the matter under consideration' pursuant to Rule 19(a)." *Id.* (citing *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917–18 (4th Cir. 1999)). The party arguing that a party must be joined has the burden to " 'show that the person who was not joined is needed for a just adjudication.' " *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005) (quoting 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1609 (3d ed. 2001)).

"Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Owens–Illinois*, 186 F.3d at 440 (citation omitted). This determination is not subject to a formalistic analysis; rather, the court must consider the particular factual setting presented. *Schlumberger Indus. Inc., v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994); *see also Owens–Illinois, Inc.*, 186 F.3d at 441 ("Such a decision 'must be made pragmatically, in the context of the substance of each case, rather than by procedural formula . . . by considering 'the practical potential for prejudice' to all parties, including those not before it." (citation omitted)). In addition, the court's determination under Rule 19(b) is equitable and left to the court's discretion. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19 (1968) ("The decision whether to dismiss . . . must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests.").

In cases where joint tortfeasors are named in underlying disputes, it does not follow that all parties named in the underlying suit are necessary parties to an action to compel arbitration. Courts have held that nursing home administrators are not necessary parties under Rule 19 when another alleged joint tortfeasor seeks to compel arbitration under the FAA. *See, e.g.*, *Canyon Sudar Partners, LLC v. Cole ex rel. Haynie*, CA No. 3:10-1001, 2011 WL 1233320 (S.D.W. Va. Mar. 29, 2011) (citing *Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483 (8th Cir. 2010), and *Mariner Healthcare, Inc. v. Hunt*, No. Civ. A. 404CV243PA, 2005 WL 1711614 (N.D. Miss. July 21, 2005)).

For example, in *Rutherford*, two representatives of nursing home residents filed tort claims in state court against a nursing home operator, its affiliates, and two nursing administrators. 605 F.3d at 485. The nursing home operator, but not the administrators, filed an action to compel arbitration under § 4 of the FAA, basing federal jurisdiction on diversity of citizenship. *Id.* The district court dismissed the action to compel arbitration on the grounds that the parties to the state court actions lacked complete diversity. *Id.* On appeal, the *Rutherford* court rejected the district court's approach to determining the diversity of the parties. Significant to the within action, the *Rutherford* court also considered the representatives' alternative argument that the administrators were necessary and indispensable parties the joinder of whom would defeat diversity jurisdiction. *Id.* at 491. In its Rule 19 analysis, the *Rutherford* court found the representatives' position that the administrators were necessary parties to be at odds with the well-settled rule that it is unnecessary to name all joint tortfeasors as defendants in a single action. *Id.* at 491 (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990)). The court observed that, "every circuit to consider the issue [in the context of arbitration] has concluded that a party joined in a parallel state court contract or tort action who would destroy diversity jurisdiction is not an indispensable party under Rule 19 in a federal action to compel arbitration." *Id.* (citing *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 393-94 (5th Cir. 2006); *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 92-93 (4th Cir. 2005); *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 202-06 (6th Cir. 2001); *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 946 (11th Cir. 1999); *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 446 (2d Cir. 1995); *Bio-Analytical Servs., Inc. v. Edgewater Hosp.*, Inc., 565 F.2d 450, 453 & n.3 (7th Cir. 1977))). Thus, the *Rutherford* court, in reversing the district court, directed the district court to compel arbitration.

*Id.* at 491–92. The court finds the *Rutherford* court's analysis regarding the issue of whether a joint tortfeasor is a necessary party under Rule 19 to be persuasive.

White attempts to distinguish the instant case from factually similar case that have cited *Rutherford* with approval. *See, e.g.*, *Mariner Healthcare, Inc. v. Hunt*, No. Civ. A. 404CV243PA, 2005 WL 1711614 (N.D. Miss. July 21, 2005); *THI of N.M. at Vida Encantada, LLC v. Lovato*, 848 F. Supp. 2d 1309 (D.N.M. 2012); *THI of N.M. at Hobbs Ctr., LLC v. Patton*, 851 F. Supp. 2d 1281 (D.N.M. 2011). White argues that those cases are inapplicable because the disputes arose in states that have different laws from South Carolina regarding the duty that nursing home administrators owe to residents. Even assuming that is true, none of those cases considered the substantive law that would control the administrators' liability in the parallel state court actions. Rather, the dispositive issue was whether the court could order complete relief–an order compelling arbitration–without harm to the non-party administrator. White's argument that the scope of relief available in state court bears on the issue of whether Mr. Henschel is a necessary party in THI's action to compel arbitration is unpersuasive.

White also relies on *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435 (4th Cir. 1999), in support of his argument that Mr. Henschel is a necessary and indispensable party to THI's action to compel arbitration. *Owens-Illinois* involved a manufacturer that had entered into a settlement with plaintiffs from Ohio and West Virginia that included an arbitration clause providing for an extrajudicial claims settlement process. *Id.* Subsequently, the plaintiffs terminated the agreement on the belief that the manufacturer had not complied with its obligations. *Id.* The plaintiffs filed a tort action in state court, based on which the manufacturer filed an action to compel arbitration in federal district court against only the West Virginia plaintiffs. *Id.* at 439.

7

The district court dismissed the action to compel arbitration based on its determination that certain parties were necessary and indispensable parties under Rule 19 who would defeat diversity jurisdiction. *Id.* at 438. The *Owens-Illinois* court affirmed the district court's decision to dismiss the action to compel arbitration, explaining that both the federal and state courts are being asked to determine the validity of the arbitration agreement. *Id.* at 441. The court reasoned that "[i]f this action was allowed to proceed one court might compel arbitration on the basis of the Agreement, while the other found that, because Owens-Illinois breached the Agreement, alternative judicial remedies were available to some of the Plaintiffs." *Id.* The high potential for conflicting judgments as to the validity of the agreement underscored for the court that the Ohio plaintiffs were necessary and indispensable parties to the federal action to compel arbitration under Rule 19.

Unlike in *Owens-Illinois*, allowing THI's action to compel arbitration to proceed without Mr. Henschel joined as a party will not generate the sort of inconsistent legal obligations disfavored under Rule 19(a). *Id.* The question before the court is whether White must arbitrate Ms. Taylor's estate's claims against THI. The outcome of this action will not hinder White from pursuing the estate's claims against Mr. Henschel in state court. Moreover, White does not assert that Mr. Henschel has pursued a separate action to compel arbitration that might generate a conflicting interpretation of the arbitration agreement, as was the issue in *Owens-Illinois*. White merely contends that Mr. Henschel was involved in the execution of the agreement; however, White does not claim that Mr. Henschel is a party to the agreement. Mr. Henschel may be able to provide relevant testimony regarding the formation of the arbitration agreement, but that does not make him a necessary party in this action to compel arbitration.

Having determined that Mr. Henschel is not a necessary party under Rule 19(a), the court need not consider whether Mr. Henschel is indispensable. *See Schlumberger Indus. Inc., v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994).

### III. CONCLUSION

For the foregoing reasons, White's motion to join a party, ECF No. 23, is denied. White's motion to stay response time to THI's motion to compel arbitration and stay state court proceedings is moot. ECF No. 24. The court provides White fifteen (15) days from the filing of this order to respond to THI's motions to compel arbitration and stay state court proceedings. ECF No. 5.

**IT IS SO ORDERED.**

                                                s/ Margaret B. Seymour
                                                Margaret B. Seymour
                                                Chief United States District Judge

Columbia, South Carolina
November 6, 2012